[No. B138083. Second Dist., Div. Five. Sept. 7, 2000.]

In re JOSEPH G., a Person Coming Under the Juvenile Court Law.
LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND
FAMILY SERVICES, Plaintiff and Respondent, v.
CYRIL B., Defendant and Appellant.

**COUNSEL**

Sharon S. Rollo, under appointment by the Court of Appeal, for Defendant and Appellant.

Lloyd W. Pellman, County Counsel, and Jill Regal, Deputy County Counsel, for Plaintiff and Respondent.

**OPINION**

**GRIGNON, J.**—An alleged biological father, who is not a party of record, seeks reversal of the order terminating parental rights. Concluding he has no standing to appeal, we dismiss the appeal.

FACTS AND PROCEDURAL BACKGROUND

Joseph G. was born in October 1998 to Rita G. (mother). No father was named on Joseph's birth certificate. Joseph was taken into protective custody when he was four days old, because of mother's history of drug abuse.[1] The man mother identified as Joseph's father was revealed by paternity testing in late December 1998 to be unrelated. Joseph was declared a dependent child of the court on January 13, 1999. Mother was not present at the hearing. Custody was taken from mother, reunification services were denied, permanent placement services were ordered, and a hearing was scheduled under Welfare and Institutions Code section 366.26[2] for May 12, 1999, to select and implement a permanent plan for Joseph. Thereafter, the Los Angeles County Department of Children and Family Services (Department) did not know mother's whereabouts for a time. The section 366.26 hearing was continued several times for further reports.

Mother was located in September 1999. She claimed for the first time that Cyril B. was Joseph's father. Cyril was employed by the County of Los Angeles and had custody of his two children. Cyril told the social worker he "may be the father," and, if he were, he would like to have Joseph live with him. On September 21, 1999, Cyril was personally served with written notice that: (1) a selection and implementation hearing would be held on January 5, 2000; (2) "[a]t the hearing the [dependency] court may terminate parental rights and free the child for adoption, or establish legal guardianship, or place the child in long-term foster care"; and (3) the social worker recommended "[t]ermination of parental rights and implementation of a plan of adoption." Cyril did not make a request in the dependency court for a finding of paternity, blood testing, reunification, or any other relief. Cyril did not appear at the hearing on January 5, 2000. The parental rights of mother and the "unknown father aka Cyril [B.]" were terminated. This timely appeal followed.[3]

DISCUSSION

 Cyril seeks reversal on due process grounds of the order terminating parental rights and remand to the dependency court for further proceedings to determine whether he is Joseph's biological father. Cyril contends he has standing to appeal the termination of parental rights, because he was given notice of the dependency proceedings and named in the termination

---

[1]Mother had a history of substance abuse and incarcerations, and had permanently lost custody of her older children.

[2]All statutory references are to the Welfare and Institutions Code, unless otherwise specified.

[3]Mother did not appeal.

order as an alleged father. We conclude Cyril has no standing to appeal the termination of parental rights, because he is not a party of record.

As a general rule, a parent may appeal from the termination of parental rights. (§ 395;[4] Cal. Rules of Court, rule 1435(b).[5]) However, only parties of record may appeal. (*County of Alameda v. Carleson* (1971) 5 Cal.3d 730, 736 [97 Cal.Rptr. 385, 488 P.2d 953].) A party of record is a person named as a party to the proceedings or one who takes appropriate steps to become a party of record in the proceedings. (*Eggert v. Pac. States S. & L. Co.* (1942) 20 Cal.2d 199, 201 [124 P.2d 815].) A person does not become a party of record merely because his or her name and interest appear in documents filed with the court or are referenced in the judgment. (*Ibid.*)

An alleged biological father in dependency proceedings is a man who may be the father of a child, but whose biological paternity has not been established. (*In re Zacharia D.* (1993) 6 Cal.4th 435, 449, fn. 15 [24 Cal.Rptr.2d 751, 862 P.2d 751].) "An alleged father in dependency or permanency proceedings does not have a known current interest because his paternity has not yet been established." (*In re Emily R.* (2000) 80 Cal.App.4th 1344, 1352 [96 Cal.Rptr.2d 285].) An alleged biological father is entitled to notice of the proceedings. (§ 316.2, subd. (b).) Notice provides an opportunity for him to appear and assert a position. (*In re Emily R., supra,* 80 Cal.App.4th at p. 1356.) "Although the name of the alleged father generally appears on the papers filed with the court, the alleged father has the option of appearing. Notice alone does not make him a party." (*Id.* at p. 1357.)

In this case, the Department learned that Cyril was an alleged biological father in September 1999, almost one year after Joseph's birth. On September 21, 1999, the Department formally noticed Cyril of the January 5, 2000 section 366.26 hearing. Cyril did not appear; parental rights were terminated. Cyril appealed from the order terminating parental rights. However, never having become a party of record in the dependency court, Cyril has no standing to appeal the order terminating parental rights.

Cyril argues that his receipt of statutory notice was sufficient to make him a party to the proceedings. This argument is unpersuasive. Cyril, as an alleged biological father, had merely a statutory right to notice. Notice of the

---

[4]Section 395 provides in pertinent part as follows: "A judgment in a proceeding under Section 300 may be appealed from in the same manner as any final judgment, and any subsequent order may be appealed from as from an order after judgment. . . ."

[5]Rule 1435(b) of the California Rules of Court provides in pertinent part as follows: "In proceedings under section 300, the [Department], child, and the parent or guardian each has the right to appeal from any judgment, order, or decree specified in section 395."

dependency proceedings and Cyril's alleged father status simply gave Cyril an opportunity to seek to become a party of record to the dependency proceedings. Cyril did not take advantage of the opportunity.

Cyril also argues that he became a party of record when he was referenced in the order terminating parental rights. We disagree. The order terminated the parental rights of any person claiming or asserting a parental right as to Joseph. The order terminated the parental rights of the unknown father, whoever that might be. That the order expressly identified Cyril as the unknown father was a result of the statutory notice, not Cyril's status as a party of record.

We hold that an alleged biological father who is not a party of record in the dependency court has no standing to appeal an order terminating parental rights.

DISPOSITION

The appeal is dismissed.

Turner, P. J., and Godoy Perez, J., concurred.