Filed 9/30/13  The Baker's Inc. v. FAS Realty CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE BAKER'S INC., <br><br>     Plaintiff, <br><br> v. <br><br> FAS REALTY, INC., et al., <br><br>     Defendant and Respondents; <br><br> JOEL BAKER, <br><br>     Appellant. | A137347 <br><br> (Alameda County <br> Super. Ct. No. RG12651118) |

Joel Baker purports to appeal from an order dismissing an unlawful detainer complaint filed by plaintiff The Baker's Inc.  Baker is not a party to the action below but nevertheless claims he has standing to appeal as an aggrieved party.  We dismiss the appeal.

**FACTUAL AND PROCEDURAL BACKGROUND**

In October 2012, plaintiff The Baker's Inc. filed an unlawful detainer complaint against FAS Realty, Inc. and Francis Menh Ho (collectively "FAS")  seeking to recover possession of property located at 1222 Russell Street in Berkeley (the "Russell Street property").  Appellant Joel Baker filed the complaint on behalf of The Baker's Inc. Baker is not an attorney.

According to the complaint, The Baker's Inc. is the current owner of the Russell Street property.  Baker is described as the former owner of the Russell Street property

1

who is now the "caretaker" of the property for The Baker's Inc. As set forth in the complaint, the Russell Street property was allegedly sold in a nonjudicial foreclosure sale to FAS in 2011. The Baker's Inc. claims the foreclosure sale is void because the foreclosure trustee mistakenly assumed that Baker was the property owner and consequently failed to serve the current owner, The Baker's Inc., with notice of the nonjudicial foreclosure. The Baker's Inc. sought to regain possession of the Russell Street property and to evict FAS.

FAS filed a demurrer and motion to strike the complaint. FAS contended the complaint should be stricken because a corporation cannot file an action in propria persona or be represented by a person who is not a licensed attorney. FAS also argued that the complaint fails to state a cause of action for unlawful detainer because The Baker's Inc. is not the current owner of the Russell Street property. As support for its contention, FAS referred to the trustee's deed attached to the complaint showing that legal title to the property was conveyed to FAS in 2011. FAS argued that an unlawful detainer lawsuit is not the proper vehicle to challenge title to a property. As reflected in the papers supporting the demurrer and motion to strike, Baker filed a separate lawsuit against FAS claiming the foreclosure was improper and seeking to set aside the trustee's sale to FAS. FAS sought judicial notice of a 2010 notice of default with respect to the Russell Street property, a 2011 notice of trustee's sale in which Baker was identified as the trustor, the trustee's deed reflecting sale of the Russell Street property to FAS in May 2011, and an order sustaining a demurrer to Baker's separate lawsuit against FAS challenging the foreclosure sale.

The Baker's Inc. did not file any opposition to the demurrer. The trial court granted FAS's requests for judicial notice and sustained the demurrer without leave to amend. The court's order states that the documents subject to judicial notice demonstrate that Baker previously owned the Russell Street property and that FAS purchased the property at a trustee's sale. As set forth in the court's order, "Plaintiff The Baker's Inc. is not the owner of the property and cannot state a claim for unlawful detainer." The court's order further states a corporation must be represented by counsel. The court

2

dismissed the complaint in its entirety. Counsel for FAS served notice of the court's dismissal order on November 19, 2012. One week later, on November 26, 2012, Baker filed a request for dismissal without prejudice of the entire action.[1]

On December 17, 2012, Baker acting in propria persona filed a notice of appeal. Baker purported to appeal on his own behalf and did not identify plaintiff The Baker's Inc. as the appellant.

## DISCUSSION

"An appeal may be taken only by a party who has standing to appeal. [Citation.] This rule is jurisdictional." (*Sabi v. Sterling* (2010) 183 Cal.App.4th 916, 947.) The rule is codified in section 902 of the Code of Civil Procedure, which provides in relevant part that "[a]ny *party aggrieved* may appeal . . . ." (Italics added.) Thus, in order to have standing to appeal, an appellant must be *both* (1) a party and (2) legally aggrieved. (See Eisenberg et al., Cal. Practice Guide: Civil Appeals and Writs (The Rutter Group 2011) ¶ 2:270.1, p. 2-139.)

As a general matter, only parties of record in the trial court have standing to appeal. (See *County of Alameda v. Carleson* (1971) 5 Cal.3d 730, 736.) "A party of record is a person named as a party to the proceedings or one who takes appropriate steps to become a party of record in the proceedings." (*In re Joseph G.* (2000) 83 Cal.App.4th 712, 715.) A party is considered aggrieved if that party's "right or interests are injuriously affected by the judgment." (*County of Alameda v. Carleson,* supra, 5 Cal.3d at p. 737.) The interest " ' "must be immediate, pecuniary, and substantial and not nominal or a remote consequence of the judgment." ' " (*Ibid.*)

---

[1] Baker's purported voluntary dismissal without prejudice of the action was improper. A party's right to voluntarily dismiss an action "ends when a trial court order sustains a general demurrer without leave to amend." (*Bell v. Hummel* (1982) 136 Cal.App.3d 1009, 1015, disapproved on other grounds in *Laird v. Blacker* (1992) 2 Cal.4th 606, 617.) Because the court had already sustained the demurrer without leave to amend and dismissed the complaint, Baker had no right to voluntarily dismiss the action without prejudice.

In this appeal, the only appellant is Baker, who was not a party of record in the trial court. Although he purported to represent The Baker's Inc. in the trial court, Baker is not an attorney and is not permitted to appear on behalf of a corporate entity, which must be represented by a licensed attorney. (See *CLD Construction, Inc. v. City of San Ramon* (2004) 120 Cal.App.4th 1141, 1145-1146.) In the papers Baker has filed on appeal, he unilaterally changed the caption of the case to suggest that he is the plaintiff instead of The Baker's Inc. However, Baker cannot simply assume party status as a plaintiff when he was not a plaintiff in the trial court. As FAS observes, "[i]t is difficult to believe that this was anything but a conscious (and remarkably clumsy and transparent) effort to circumvent the standing problem and to mislead this Court in the process."

On appeal, Baker acknowledges he was not a party to the trial court action but nonetheless claims he was afforded standing to appeal by virtue of the fact the trial court's order "provided him with ownership status" of the Russell Street property. However, the trial court's order simply indicates that Baker was a *former* owner of the Russell Street property. The order does not suggest Baker is a party to the action or has standing either to evict FAS or to assert such a claim on behalf of The Baker's Inc. A person does not become a party of record with standing to appeal simply because his name and interest in the matter are referenced in the judgment. (*In re Joseph G., supra,* 83 Cal.App.4th at p. 715.)

"One exception to the 'party of record' requirement exists in cases where a judgment or order has a res judicata effect on a nonparty." (*Marsh v. Mountain Zephyr, Inc.* (1996) 43 Cal.App.4th 289, 295.) A person who would be bound by a judgment under res judicata principles may be entitled to appeal even if that person is not a party in the trial court. (*Ibid.*) In order to have standing to appeal, the person who claims to be bound under res judicata principles must be personally aggrieved by the judgment. (*Ibid.*)

Baker cannot avail himself of the rule affording appellate standing to nonparties who are bound by a judgment. As an initial matter, there is no indication the court's

4

unlawful detainer judgment against The Baker's Inc. has a res judicata effect on Baker, who does not claim to own the Russell Street property in any event. Further, insofar as Baker contends the appeal concerns the ownership of the Russell Street property, he is mistaken. Unlawful detainer proceedings, such as the action below, are summary proceedings designed solely to determine the immediate right to possession and not to litigate broad questions of title to the property. (See *Drybread v. Chipain Chiropractic Corp.* (2007) 151 Cal.App.4th 1063, 1072; *High v. Cavanaugh* (1962) 205 Cal.App.2d 495, 498.) The court's order simply addressed whether The Baker's Inc. had an immediate right of possession in the Russell Street property. The trial court properly declined to consider challenges to title or claims that the nonjudicial foreclosure sale was invalid. Consequently, even if Baker claimed an ownership interest in the property, the judgment has no binding effect on him because the court did not adjudicate broader issues of title.

In addition to the fact Baker is not personally bound by the judgment, he has failed to show how he is aggrieved by the judgment. The record on appeal does not shed much light on his interest in or relationship with The Baker's Inc. There is nothing to indicate that he has standing to assert a possessory interest in the Russell Street property or that he is personally aggrieved by an order denying a request by The Baker's Inc. to evict FAS. At most, he claims that, in his status as caretaker of the Russell Street property, he is aggrieved because the judgment prevents him from carrying out a duty imposed on him by the owner. In support of his claim, Baker relies on *Estate of Ferrall* (1948) 33 Cal.2d 202. There, a beneficiary of a trust alleged the trustee had no standing to appeal because the trustee was not aggrieved by an order resolving the conflicting claims of beneficiaries. The court held otherwise, concluding that the dispute "concerns the performance of a duty by the trustees to protect the trust against an attack that goes to the very existence of the trust itself." (*Id.* at p. 206.) *Estate of Ferrall* is inapposite. Unlike a trustee, which has well-recognized legal duties and standing to act on behalf of the trust, a property's "caretaker" typically has no legal standing to pursue claims on behalf of the property's owner in a court of law. Baker thus fails to establish that he is

5

aggrieved in his role as caretaker of the property. In short, Baker has failed to demonstrate that he has personally suffered an immediate, pecuniary, and substantial injury as a result of the judgment.

Although appellate standing rules are construed liberally in favor of the right to appeal, only an aggrieved person has the right to appeal. (*In re K.C.* (2011) 52 Cal.4th 231, 236.) Baker's appeal is a transparent effort to represent the interests of The Baker's Inc., which is aggrieved by the judgment but is not a party to this appeal. Because there is no showing that Baker is personally aggrieved by the judgment, he lacks standing to appeal.

## DISPOSITION

The appeal is dismissed. Respondents shall be entitled to recover their costs on appeal.

_____
McGuiness, P. J.

We concur:

_____
Pollak, J.

_____
Siggins, J.