Filed 5/21/14  In re C.B. CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| In re C.B., a Person Coming Under the Juvenile Court Law. | B249614 (Los Angeles County Super. Ct. No. CK96389) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, Plaintiff and Respondent, v. J.B., Objector and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County. Stephen Marpet, Juvenile Court Referee.  Affirmed.

Nicole Williams, under appointment by the Court of Appeal, for Objector and Appellant.

John F. Krattli, County Counsel, James M. Owens, Assistant County Counsel, and Jessica S. Mitchell, Deputy County Counsel, for Plaintiff and Respondent.

\* \* \* \* \* \*

In this dependency appeal, J.B., the alleged father of C.B., contends the trial court erred in sustaining the allegations of the petition that he has a history of illicit drug use and a criminal history involving drug use, thereby endangering C.B.'s health and safety. He does not challenge the jurisdictional findings as to S.T., C.B.'s mother, and acknowledges that his jurisdictional challenge is therefore nonjusticiable. Nevertheless, he asks this court to exercise its discretion to consider his appeal, reasoning that the jurisdictional findings in this case may prejudice him in an ongoing dependency case concerning another child.

Because father is merely an alleged father, he lacks standing to challenge the dependency court's jurisdictional findings. Moreover, father's jurisdictional challenge is without merit, because the jurisdictional findings as to father are supported by substantial evidence, and the unchallenged jurisdictional finding that mother's substance abuse placed C.B. at risk of harm renders father's challenge to the jurisdictional findings related to his own substance abuse and criminal history nonjusticiable. We therefore affirm the trial court's order.

## FACTUAL AND PROCEDURAL BACKGROUND

Mother and then five-year-old C.B. came to the attention of the Los Angeles County Department of Children and Family Services on September 23, 2012, when mother tested positive for amphetamine and benzodiazepine at the birth of daughter S.G., who is not at issue in this appeal. The department initially filed a nondetained petition, but when mother tested positive for amphetamines, C.B. was detained. Father's whereabouts were unknown, and mother reported that father did not have a relationship with C.B. C.B. referred to her mother's roommate, C.F., as "papa."

Mother later reported that father was incarcerated. He had never provided for C.B. Mother and father were never a couple, and never lived together; father had been mother's neighbor. He was "in and out of [C.B.'s] life." According to mother, father used methamphetamine, but had been sober for 10 months. Father was sober because he was suffering from kidney failure, and could not receive dialysis if he was using drugs.

2

Mother's roommate, C.F., reported that father "is not involved" with C.B. Father has not provided for C.B. and "wouldn't visit [C.B.] very often." C.F. believed that father was mother's drug connection.

Father has a lengthy arrest history for burglary, carrying concealed weapons, transporting controlled substances, grand theft auto, robbery, being under the influence of a controlled substance, providing false identification to a peace officer, and domestic violence. In 1996, he was convicted of possessing and transporting a controlled substance. In 2002, he was convicted of being under the influence of a controlled substance. In 2007, he was convicted of assault with a deadly weapon, and was placed on probation. In 2008, he was convicted for possession of a controlled substance. As a condition of his probation in the 2007 case, he participated in a drug treatment program through the Salvation Army. He later violated his probation by not completing the program, and by using Vicodin without a prescription. Father was picked up on a warrant in December 2012, and his suspended sentence of two years in prison in the 2007 case was imposed in January 2013. In a December 2012 probation report, father's probation officer opined that he was still using drugs.

On January 11, 2013, a department investigator spoke with father while he was incarcerated. Father admitted he had just been sentenced to two years in prison, although he claimed he would only serve eight months of this sentence. According to father, mother told him about the case concerning C.B., but asked him not to get involved. Father told the investigator he "always kept in contact with [C.B.]." He would help with diaper money and would babysit, but mother kept her distance because father was not ready for a family. Father was incarcerated while mother was pregnant with C.B. He knew mother used drugs, but was not sure if she used while pregnant with C.B., or while caring for C.B.

Father initially told the investigator he had only used marijuana, and denied using other drugs. He claimed to have been sober for over nine years. When confronted with mother's statements about his methamphetamine use, and his criminal history, he admitted that he and mother had used methamphetamine together before C.B. was born.

3

He last used methamphetamine in 2003. Father was arrested in 2008 for violating his probation by using Vicodin without a prescription for a toothache.

Father has another child, born in 1996, who is the subject of an ongoing investigation by the department for general neglect based on father's incarceration and drug use. According to father, he had cared for this child since birth.

Paternal aunt, who was caring for father's other child while father was incarcerated, reported that mother and father used methamphetamine together before C.B. was born. However, father had "been clean for a couple of years."

A first amended petition was filed, which included allegations that father's drug abuse and criminal history of drug charges endangered C.B.

The adjudication hearing was continued a number of times because father was in custody, and had not been transferred to the juvenile court. In a last-minute information for the court, the department investigator informed the court that father did not wish to attend the adjudication hearing because it was a "hassle." Therefore, father waived his presence at the hearing.

The continued adjudication hearing was held on May 14, 2013. Mother waived her trial rights, and the trial court sustained the petition based on mother's and father's history of drug abuse. The following allegation was sustained as to father:

> "[Under Welfare and Institutions Code section 300, subdivision (b)] [Father] has a history of illicit drug use to include methamphetamine which renders the father incapable of providing regular care and supervision of the child. The father has a criminal history of convictions of Use/Under the Influence of Controlled Substance and Possess Controlled Substance. The father's illicit drug use endangers the child's physical health, safety and well being, creates a detrimental home environment and places the child at risk of physical harm, and damage."

Father was denied family reunification services under Welfare and Institutions Code section 361.5, subdivision (b)(12).

Throughout the proceedings, father was only an alleged father, and never tried to establish that he was C.B.'s presumed father. He is not named on C.B.'s birth certificate.

Father timely appealed.

4

## DISCUSSION

Respondent contends father has no standing to appeal the trial court's jurisdictional order, as he is only an alleged father. Father did not file a reply brief, and has not addressed his standing to appeal the jurisdictional order. We agree with respondent.

"The extent to which a father may participate in dependency proceedings and his rights in those proceedings are dependent on his paternal status." (*In re Paul H*. (2003) 111 Cal.App.4th 753, 760, italics omitted.) "An alleged father does not have a current interest in a child because his paternity has not yet been established." (*In re O.S*. (2002) 102 Cal.App.4th 1402, 1406.) "[I]t is generally said that an alleged father's rights are limited to 'an opportunity to appear and assert a position and attempt to change his paternity status . . . .' " (*In re J.O*. (2009) 178 Cal.App.4th 139, 147, quoting *In re Kobe A*. (2007) 146 Cal.App.4th 1113, 1120.) As such, an alleged father who fails to become a party of record in the dependency proceedings by transforming his status to that of a presumed father has no standing to appeal. (*In re Christopher M*. (2003) 113 Cal.App.4th 155, 160; *Francisco G. v. Superior Court* (2001) 91 Cal.App.4th 586, 596; *In re Joseph G*. (2000) 83 Cal.App.4th 712, 716; see also *In re Alyssa F*. (2003) 112 Cal.App.4th 846, 855.) Here, father was only an alleged father, and never sought to establish that he was entitled to presumed father status. Therefore, he lacks standing to appeal the trial court's jurisdictional order.

Moreover, even were we to consider the merits of father's appeal, we would affirm the juvenile court's jurisdictional order. Father contends the findings under Welfare and Institutions Code section 300, subdivision (b) are unsupported, reasoning that his past criminal conduct and past drug abuse do not pose a present danger to C.B.

We need not decide whether father's past conduct, standing alone, is sufficient to support jurisdiction over C.B., as there was substantial evidence that father was a current drug user, and that his criminal behavior, incarcerations and overall neglect of C.B. placed the child at substantial risk of harm.

5

Moreover, father does not argue there was not substantial evidence to support jurisdictional findings that mother is a drug abuser, and that mother's substance abuse endangers C.B. The jurisdictional findings concerning mother's long history of substance abuse render father's challenge to jurisdiction for his own substance abuse problems nonjusticiable. (*In re I.A.* (2011) 201 Cal.App.4th 1484, 1490-1491.)

## DISPOSITION

The order is affirmed.


GRIMES, J.

WE CONCUR:


BIGELOW, P. J.


FLIER, J.

6