Filed 9/9/15  In re S.C. CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

| | |
|---|---|
| In re S.C., a Person Coming Under the Juvenile Court Law. | C077788 |
| PLACER COUNTY DEPARTMENT OF HEALTH AND HUMAN SERVICES, Plaintiff and Respondent, v. K.G., Defendant and Appellant. | (Super. Ct. No. 53004135) |

Kenneth G., alleged father of the minor S.C., appeals from the judgment of disposition placing S.C. in foster care.  (Welf. & Inst. Code, § 395.)[1]  Father, who is incarcerated out-of-state, contends in relevant part that the juvenile court erred in failing

---

[1] Further undesignated statutory references are to the Welfare and Institutions Code.

1

to give him an opportunity to establish paternity.  Respondent Placer County Department of Health and Human Services (Department) challenges father's standing to bring this appeal.  As we will explain, we agree that father lacks standing.  We shall dismiss his appeal.

## FACTS

In September 2014, the Department filed a petition alleging the minor was suffering serious emotional damage because there was no parent capable of providing her appropriate care.  Mother was unable to provide for her and father was in prison in North Carolina.  Mother told the court she had been unable to locate father until the minor was 12 years old; after that, father exchanged letters with the minor but had no other contact.  At the detention hearing, the juvenile court designated father as alleged.

The Department located father after an inmate search and, on September 22, 2014, sent him notice of the pending jurisdiction hearing, to be held on October 16, 2014.  The notice was received September 26, 2014.  The notice, using the JV-280 form, included the court's mailing address and telephone number, as well as the advisement:  "You have the right to be present at the hearing, to present evidence, and to be represented by an attorney. . . .  [T]he court will appoint an attorney for you if you cannot afford one."  That same day, the clerk also mailed father copies of the petition, the detention report, the detention orders, a parent handbook, and several forms including the JV-505.[2]

---

[2] Form JV-505, entitled "Statement Regarding Parentage," gives an individual the opportunity to provide various facts to the juvenile court which allows the court to assess that individual's claim of parentage of the minors who are the subject of a dependency petition.

The jurisdiction/disposition report recommended that the court sustain the petition and offer reunification services to the mother but not to father (as he was an alleged father). The report, which included both the social worker's name and address and the name and address of Department's counsel, was mailed to father on October 3, 2014.[3]

At the combined jurisdiction/disposition hearing, the court sustained the petition and denied services to father, who remained alleged. The record does not reflect *any* attempt by father to contact *anyone* related to these proceedings--including the court, the Department, or any involved counsel--whether by returning a completed form JV-505 or otherwise, before filing his notice of appeal in November 2014.

## DISCUSSION

An alleged biological father--such as father here--who has not appeared and asserted a position in the dependency court has no standing to appeal the orders of that court. (See *In re Joseph G*. (2000) 83 Cal.App.4th 712, 715-716 [father who is not a party of record lacks standing to appeal]; *In re Paul H*. (2003) 111 Cal.App.4th 753, 759 [father becomes a party when he appears and asserts a position]; see also *In re Miguel E.* (2004) 120 Cal.App.4th 521, 539 [grandparents who were not parties of record and did not take steps to become parties lacked standing to appeal].)

Father claims error in several respects, all of which share a common and dispositive flaw as they arise from his (incorrect) factual assertion that he was never provided with the opportunity to see the petition and to complete a form JV-505. He argues that had those materials been properly served on him, he would have had an opportunity to establish paternity and have counsel appointed. However, as we have

---

[3] The proof of service for this mailing was the sole proof of service provided to us in the original clerk's transcript on appeal. On our own motion, we requested and received from the superior court a supplemental clerk's transcript containing all proofs of service in its record.

explained, the record as supplemented by the superior court shows that he *was* provided with the relevant documents and form. Further, even the original record on appeal shows that he received notice of the hearing and his right to be there.

Father does not dispute that he is an alleged father who has not appeared and asserted a position. Instead, he argues that "every possible way that [he] could have appeared, or could have asserted a position before the court was foreclosed, due to either his incarceration, or the actions of the juvenile court." He bases this argument on the incorrect factual predicate that he "did 'appear' in the only way that was available to him, which was by completing and returning the one form that was provided to him: the notice of appeal form."

This argument fails, because father *was* provided notice of the proceeding by means of the notice of hearing, which informed him of the dependency proceedings and his right to counsel. Even in the absence of form JV-505, the notice (form JV-280) gave him enough information to contact the court and assert a position. However, the proofs of service show the court also sent father the petition, reports, and form JV-505. Despite all this information provided to father, the record is devoid of *any* attempt by him to assert his parental status and ask for counsel.

Accordingly, father has not yet achieved party status and his appeal must be dismissed for lack of standing.

**DISPOSITION**

The appeal is dismissed.

                                                 _____DUARTE_____, J.

We concur:

_____RAYE_____, P. J.

_____MAURO_____, J.