Filed 10/21/15  Estate of Boucher CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| Estate of DAVID ALAN BOUCHER, Deceased. | |
| SAN BERNARDINO COUNTY PUBLIC ADMINISTRATOR, | E062237 |
| Petitioner and Respondent, | (Super.Ct.No. PROPS1400037) |
| v. | OPINION |
| CHRISTIE L. REED, | |
| Objector and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  John P. Vander Feer, Judge.  Dismissed.

Christie L. Reed, in pro. per., for Objector and Appellant.

No appearance for Petitioner and Respondent.

I

INTRODUCTION

Christie L. Reed appeals from an order entered by the probate court on July 15,

1

2014, authorizing the public administrator for San Bernardino County to execute documents to clear title to real property. (Code Civ. Proc., § 904.1, subd. (a)(10).) On appeal, Reed contends the order affects real property owned by Reed (or her family trust). Most of Reed's brief depends on facts and information that was never submitted in the probate court. No respondent's brief has been filed. Our review is confined to the limited appellate record, which does not permit us to grant Reed any relief as a nonparty creditor. We dismiss the appeal without prejudice for lack of standing.

II

FACTUAL AND PROCEDURAL BACKGROUND

We summarize the facts based on the slim record on appeal. The clerk's transcript is 39 pages and the reporter's transcript is three pages. We grant Reed's request for judicial notice of: 1) three documents involving Ontario real property, 1818 North Vineyard Avenue, #F, certified by the San Bernardino County Assessor's Office; and 2) a request for dismissal with prejudice of a cross-complaint against Bank of America brought by Reed in *Bank of America v. Reed*, CIVRS1206485. (Evid. Code, § 452.) We note, however, that these items were not introduced into evidence in the probate court.

On January 21, 2014, the public administrator for San Bernardino County, represented by Craig M. Parker, filed a petition for probate. The decedent was David Alan Boucher. On February 11, 2014, the Franchise Tax Board (FTB) filed a request for special notice and a creditor's claim in the amount of $74,506.21. The FTB was added as a third party. On March 4, 2014, the court granted the probate petition and issued letters of administration.

2

On May 27, 2014, the public administrator filed a supplemental "petition for instructions for authority to execute all documents necessary to restore clear title to rightful owners of property." (Prob. Code, § 9611.) The supplemental petition alleged that, during Boucher's lifetime, he offered to "'assist' various individuals with the foreclosure on their homes." In "assisting" victims facing foreclosures, Boucher executed fraudulent documents that impaired title to real property. Before his death, Boucher was arrested and incarcerated. When he died, Boucher was being prosecuted for 65 felony counts involving real estate fraud and foreclosure. The charges were dismissed after his death. The public administrator requested the authority to execute such documents as necessary to clear title for defendant's victims.

One of the civil cases identified by the public administrator in the supplemental petition was *Bank of America v. Christie L. Reed*, CIVRS1206485, filed August 21, 2012, and in which Boucher was also a defendant.[1] Although it is not part of the record on appeal, we accept Reed's representation that the civil case involves real property located at 1818 North Vineyard Avenue, #F, in Ontario, which Reed purchased in 2012.

At the hearing on July 15, 2014, Parker, the public administrator's attorney, explained Boucher was "part of this group that considered themselves outside the United States and they don't have to follow the laws, and he was one of the leaders of the group. So he would during all the times all the foreclosures were happening, he took hundreds of properties and recorded documents stating he could take over for Bank of America and

---

[1] According to the San Bernardino County Superior Court records, there is a status conference in this case for January 12, 2016.

3

clouded title on lots of property, and he also resold it." Apparently, Reed was one of the purchasers of property in which Boucher claimed some interest although Reed bought the property from a different person, Manuel Cortez.

The trial court granted the supplemental petition and signed an order authorizing and directing the public administrator "to sign all documents necessary to restore clear title to the real properties clouded by the decedent." The court also anticipated that "each piece of property" would need a "specific order" to proceed but the instant order would allow the public administrator "to get started." Reed was not included on the proof of service for the notice of the order.

In her opening brief, Reed asserts that she found out about the probate order in the course of the civil proceeding. Apparently Bank of America has now been succeeded in interest as plaintiff by East End Properties, Inc. Reed contends that Mark J. Leonardo, who was listed on the proof of service for the subject probate order, is the lawyer for East End.

Reed's first appearance in the probate case was on October 17, 2014, when she filed a creditor's claim in the amount of $609,300. On October 24, 2014, she filed a notice of appeal and was added as an appellant.

III

DISCUSSION

Reed identifies three primary contentions: first, that she (or her family trust) is the legal owner of the Ontario property; second, that she should have received notice of the supplemental probate petition; and third, that the probate court abused its discretion and

4

violated due process by issuing a "blanket order" affecting her rights to the Ontario property.

As a preliminary matter, we must determine the issue of standing to appeal by a nonparty creditor like Reed: "An aggrieved party must (1) be a party of record (2) whose rights or interests are directly and injuriously affected by the judgment." (*Garrison v. Board of Directors* (1995) 36 Cal.App.4th 1670, 1676.) As a general rule, only parties of record in the trial court can appeal. (*County of Alameda v. Carleson* (1971) 5 Cal.3d 730, 736; *Bates v. John Deere Co.* (1983) 148 Cal.App.3d 40, 53.) A "party of record" is a person named as a party to the proceedings below or one who takes appropriate steps to become a party of record in the proceedings. (*In re Miguel E.* (2004) 120 Cal.App.4th 521, 539; *In re Joseph G.* (2000) 83 Cal.App.4th 712, 715.)

In probate proceedings, standing requirements are more leniently applied, permitting some nonparty estate beneficiaries to appeal if legally aggrieved by the probate court judgment or order. (*Estate of Zabriskie* (1979) 96 Cal.App.3d 571, 575, citing Code Civ. Proc., § 902; *In re Guardianship of Copsey* (1936) 7 Cal.2d 199, 203; *Estate of Meyer* (1966) 241 Cal.App.2d 747, 750-751; *Estate of Sloan* (1963) 222 Cal.App.2d 283, 291.) Reed's status as creditor, however, does not give her standing to appeal absent a motion to vacate. (*Estate of Partridge* (1968) 261 Cal.App.2d 58, 60-64.)

Unlike beneficiaries, creditors of an estate do not have an interest in the proceeding sufficient to confer standing to appeal unless the creditor has made itself a party of record: "The proper procedure for an alleged creditor of an estate who feels aggrieved by an order of the probate court, and did not participate in the proceedings in

5

which the order was made, is to move to set aside or vacate such order and then, if the motion is denied, appeal from the order of denial." (*Estate of Partridge, supra,* 261 Cal.App.2d at pp. 60-61.) Reed took no action to challenge the probate court's order before filing this appeal.

The other difficulty Reed confronts is she cannot claim to be the aggrieved party because the probate order does not substantially affect her title to the Ontario property. On its face, the probate order does not have any effect on the Ontario property. To repeat the point, the probate order states it is authorizing and directing the public administrator "to sign all documents necessary to restore clear title to the real properties clouded by the decedent." The order does not identify the Ontario property or state that its title was clouded by Boucher. We cannot find any information in the record connecting Boucher to the Ontario property or demonstrating Boucher caused any cloud on the Ontario title. In her brief, in fact, Reed asserts that Boucher did not have title. Apparently, East End and Reed are involved in litigation concerning the Ontario title. When that is resolved, the probate order may authorize the public administrator to execute any necessary documents concerning the title as it has been adjudicated. The probate court recognized there would have to be additional orders once specific properties were identified. At this point, however, the probate order does not apparently have any immediate effect on the title to the Ontario property.

In view of our conclusion that Reed is not an aggrieved party and does not have standing, we do not need to address Reed's additional claim that Parker, the public administrator's lawyer, made misstatements to the court regarding Boucher's conduct.

6

Nor can we consider the contention that the probate court "overstep[ed] its authority" when it issued a preliminary order while the issue of title is still being adjudicated in the civil trial court.  We also cannot begin, based on this record, to address Reed's contentions about the nature, if any, of Boucher's interest in the Ontario property.

IV

DISPOSITION

Reed does not have standing as a creditor or an aggrieved party to appeal the order of the probate court.  We dismiss the appeal.  Reed shall bear her own costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON
J.

We concur:

RAMIREZ
P. J.

KING
J.

7