Filed 2/24/14; pub. order 3/17/14 (see end of opn.)

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| LENNOX A. PURCELL, | D063435 |
| Plaintiff and Appellant, | |
| v. | (Super. Ct. No. 37-2009-00059423-CU-BC-NC) |
| MICHAEL SCHWEITZER, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of San Diego County, Earl H. Maas III, Judge.  Affirmed.

Soden & Steinberger, Robert J. Steinberger, Jason W. Cobberly; Boudreau Williams and Jon R. Williams for Plaintiff and Appellant.

The Perry Law Firm, Michael R. Perry, Larry M. Roberts and Michelle A. Hoskinson for Defendant and Respondent.

This action arises out of a promissory note in the amount of $85,000 given by defendant Michael Schweitzer to plaintiff Lennox A. Purcell.  After Schweitzer defaulted on the promissory note, Purcell brought a lawsuit seeking to recover the monies he had

loaned him.  The parties settled the action, with Schweitzer agreeing to pay the sum of $38,000, along with interest at the rate of 8.5 percent, in installments over 24 months. The settlement agreement also provided that payments were due on the first day of each month.  To be considered timely, payment had to be received no later than the fifth day of the month.  Of relevance to this appeal, the agreement provided that if a payment was not made on time, it was considered a breach of the entire settlement agreement, making the entire original liability of $85,000 due.  The agreement also specified that that provision did not constitute an unlawful "penalty" or "forfeiture."

When Schweitzer was late on a payment, Purcell sought and was granted a default judgment in the amount of $58,829.35.  Schweitzer thereafter brought a motion to set aside the default judgment, asserting the default judgment was the result of an unlawful penalty.  The court set aside the default judgment, finding that it constituted an unenforceable penalty because the amount of the judgment bore no reasonable relationship to the amount of damages Purcell would actually suffer as a result of Schweitzer's breach.

Purcell appeals, asserting the court erred in setting aside the judgment because (1) Schweitzer waived his right to challenge the judgment on any grounds; and (2) the judgment did not constitute an unenforceable penalty because it fairly represented the amount of his damages.  We affirm.[1]

---

[1]     Schweitzer asserts that the appeal should be dismissed because Purcell failed to comply with California Rules of Court, rule 8.204(a)(2)(B) by failing to explain why the appealed from order is appealable.  However, Purcell has cured that defect in his reply

FACTUAL AND PROCEDURAL BACKGROUND

A. *The Original Lawsuit and Settlement*

In September 2009 Purcell brought a lawsuit against Schweitzer and others to recover the money he loaned them. In March 2010 Schweitzer signed a settlement agreement with Purcell. Pursuant to that agreement, Schweitzer agreed to pay Purcell the sum of $38,000, along with interest on the unpaid principal at the rate of 8.5 percent in installments over 24 months. Monthly payments by Schweitzer then began on April 1, 2010, with a balloon payment of all remaining principal and accrued interest due on April 1, 2012. Schweitzer was to make an initial payment of $20,000, with the monthly payments of $750 occurring thereafter. The payments Schweitzer made under the payment plan ranged from $750 to $1,332.58.

The settlement agreement also provided that all payments by Schweitzer were due on the first day of each month and considered late if not actually received by the fifth calendar day of the month. Moreover, the settlement agreement provided that in the event of such a breach, a judgment for the full amount of Schweitzer's original liability of $85,000 could be entered against him. The stipulation for entry of judgment attached to the settlement agreement further provided that the $85,000 "is an agreed upon amount of monies actually owed, jointly and severally, by the Defendant [Schweitzer] to the Plaintiff [Purcell] and *is neither a penalty nor is it a forfeiture.*" (Italics added.) That section also provided that the $85,000 took into consideration "the economics associated

_____

brief explaining that an order setting aside a judgment is appealable under Code of Civil Procedure section 904.1, subdivision (a)(2).

3

with proceeding further with this matter, including but not limited to: [¶] (1) A fully performed settlement; [¶] (2) Limiting the continuing attorneys' fees and costs relating to litigation; [¶] (3)Limiting attorneys' fees and costs relating to post-judgment procedures, including without limitation debtor examinations, debtor and asset searches, levies, writs, assignments and sister-state judgments; [¶] (4) Elimination of uncertainties relating to collection of a Judgment in contrast to a full, voluntary payment and performance by Defendant; and [¶] (5) Support for the public policy of judicial economy."

Finally, the agreement provided that Schweitzer waived any right to an appeal and any right to contest or otherwise set aside the judgment whether pursuant to Civil Code[2] section 3275 "or otherwise."

B. *The Second Default Judgment*

In October 2011 Schweitzer failed for the first time to make a monthly payment on time, paying it on October 11 instead of October 5. Purcell accepted that payment, even though it was late.

Nevertheless, Purcell applied for entry of judgment, and judgment was thereafter entered on October 17, 2011, in the amount of $58,829.35, with $58,101.85 of that amount identified as consisting of "punitive damages."

Thereafter, Schweitzer continued to make payments pursuant to the stipulated payment plan, making monthly payments in November and December 2011. The December payment was the last payment due.

---

2     All further undesignated statutory references are to the Civil Code.

4

According to Schweitzer, he was informed by Purcell's attorney in August 2012 that there was a balance remaining on the payment plan of $67.42. Purcell denies that he or his attorney ever said the balance due was $67.42. Rather, Purcell states that the balance was $1,776.58 and supports this contention by pointing out that Schweitzer paid that amount in August 2012. Payment of that balance was accepted by Purcell. Thus, as of August 2012, the settlement had been paid in full.

C. *Motion To Set Aside Default Judgment*

Schweitzer thereafter brought a motion to set aside the second default judgment. In that motion Schweitzer asserted that the stipulation and subsequently entered judgment represented an unlawful penalty for his breach of the settlement agreement.

Purcell opposed that motion, arguing the parties' agreement anticipated strict compliance by Schweitzer and materially differed from other installment agreements inasmuch as Schweitzer had expressly agreed that if he defaulted, the full amount would be due and was not a penalty or a forfeiture. Purcell further asserted that the parties also agreed that the full amount of the judgment was the actual amount of Purcell's damages, that Schweitzer expressly waived his right to challenge that amount by moving to set aside or appealing the judgment, and that such a waiver was fully enforceable and should be enforced by the court.

D. *Court's Order*

The court granted the motion to set aside the default judgment, finding the damages sought by Purcell bore no rational relationship to the damages Purcell would

5

actually suffer as a result of Schweitzer's breach. The court further found Schweitzer's waiver was unenforceable as against public policy.

DISCUSSION

I. *STANDARD OF REVIEW*

Because we are presented with a question of law on undisputed facts, our review is de novo. (*Harbor Island Holdings v. Kim* (2003) 107 Cal.App.4th 790, 794.)

II. *ANALYSIS*

"[A] provision in a contract liquidating the damages for the breach of the contract is valid *unless the party seeking to invalidate the provision establishes that the provision was unreasonable under the circumstances existing at the time the contract was made*." (§ 1671, subd. (b), italics added.)

However, a liquidated damages clause becomes an unenforceable penalty "if it bears no reasonable relationship to the range of actual damages that the parties could have anticipated would flow from a breach." (*Ridgley v. Topa Thrift & Loan Assn.* (1998) 17 Cal.4th 970, 977.) "The amount set as liquidated damages 'must represent the result of a reasonable endeavor by the parties to estimate a fair average compensation for any loss that may be sustained.'" (*Ibid.*) "Absent a relationship between the liquidated damages and the damages the parties anticipated would result from a breach, a liquidated damages clause will be construed as an unenforceable penalty. " (*Morris v. Redwood Empire Bancorp* (2005) 128 Cal.App.4th 1305, 1314.)

*Greentree Financial Group. Inc. v. Execute Sports, Inc.* (2008) 163 Cal.App.4th 495 (*Greentree*), is instructive. The plaintiff brought an action for breach of contract

6

against the defendant, alleging the defendant failed to pay $45,000 due under the contract. The parties settled the action, which was memorialized in a stipulation for entry of judgment. The stipulation provided defendant would pay a total of $20,000 in two installments, but if defendant defaulted, plaintiff was entitled to have judgment entered against defendant for the full amount prayed for in the complaint. After defendant defaulted on the first installment payment of $15,000, plaintiff succeeded in having a judgment entered for $61,232, consisting of $45,000 in damages, $13,912 in prejudgment interest, $2,000 in attorney fees, and $320 in costs. (*Id.* at p. 498.)

In reversing and directing the trial court to reduce the judgment to $20,000, the Court of Appeal concluded the stipulated judgment amount constituted an unenforceable penalty under section 1671. (*Greentree, supra,* 163 Cal.App.4th at pp. 500-501.)

The *Greentree* court further explained that under section 1671, subdivision (b), a liquidated damages clause constitutes an unenforceable penalty "'if it bears no reasonable relationship to the range of actual damages that the parties could have anticipated would flow from a breach. The amount set as liquidated damages "must represent the result of a reasonable endeavor by the parties to estimate a fair average compensation for any loss that may be sustained." [Citation.] In the absence of such relationship, a contractual clause purporting to predetermine damages "must be construed as a penalty."'" (*Greentree, supra,* 163 Cal.App.4th at p. 499.)

Further, the relevant breach to be analyzed "is the breach of the *stipulation,* not the breach of the *underlying contract.*" (*Greentree, supra,* 163 Cal.App.4th at p. 499.) In *Greentree,* the stipulation provided for payment of $20,000. But rather than attempting

7

to anticipate the possible damages resulting from breach of the *stipulation,* the parties had designated the full amount claimed as damages in the underlying lawsuit.  The Court of Appeal concluded the $61,232 judgment bore "no reasonable relationship to the range of actual damages the parties could have anticipated from a breach of the stipulation to settle the dispute for $20,000.  '[D]amages for the withholding of money are easily determinable—i.e., interest at prevailing rates . . . .'  [Citation.]  The amount of the judgment, however, was more than triple the amount for which the parties agreed to settle the case."  (*Id.* at p. 500.)

Purcell attempts to distinguish the *Greentree* case on the basis that the Court of Appeal there was not confronted with a situation where the defendant provided an "express waiver" of any challenges to the stipulated judgment "on any basis."  He also asserts that the parties agreed that the amount of the stipulated judgment reflected the economics of proceeding further with the matter.

However, "the public policy expressed in Civil Code sections 1670 and 1671 *may not be circumvented by words used in a contract*; that whether or not a particular clause is a penalty or forfeiture or a bona fide provision for liquidated damages depends upon the actual facts existing at the time the contract is executed and whether or not, in fact, it was then impracticable or extremely difficult to fix actual damages and that the parties did in fact then make a good faith and reasonable effort to do so; that a litigant seeking the benefits of a clause purporting to fix liquidated damages must plead and prove that the clause is valid under the facts which then existed.  The applicability of Civil Code section 1671 depends upon the actual facts *not the words which may have been used in the*

8

*contract*."  (*Cook v. King Manor and Convalescent Hospital* (1974) 40 Cal.App.3d 782, 792, italics added.)

Here, the stipulation that allowed for entry of judgment in the amount of almost $60,000 was likewise an unenforceable penalty because the underlying settlement was for $38,000.  The stipulation bore no reasonable relationship to the damages that it could be expected that Purcell would suffer as a result of a breach by Schweitzer.  This is shown by the payment plan itself, which provided that Schweitzer would make payments of $750 per month.  Indeed, Purcell suffered no damages at all because judgment was entered on October 17, *after* payment was accepted on October 11.

Purcell's contention that the $85,000 amount reflected the economics associated with "proceeding further" with the lawsuit is also unavailing.  That provision in the settlement agreement bore no reasonable relationship to damages he would be expected to actually suffer as a result of a breach, such as the late payment that occurred in this case.  There is nothing in the record to support the fact that obtaining a judgment and instituting postjudgment procedures would cost $85,000.  Moreover, Purcell entered a default judgment for alleged "punitive damages," not for costs associated with pursuing the lawsuit.

The language in the stipulation seeking to tie the $85,000 to the economics of proceeding further with the matter was an obvious attempt to circumvent the public policy expressed in section 1761.  However, as discussed, *ante*, that public policy may not be circumvented by words used in a contract.  (*Cook v. King Manor and Convalescent Hospital, supra,* 40 Cal.App.3d at p. 792.)

9

Finally, the judgment was improperly entered as "punitive damages." Punitive damages are not recoverable in breach of contract actions. (*Myers Building Industries, Ltd. v. Interface Technology, Inc.* (1993) 13 Cal.App.4th 949, 960.)

## DISPOSITION

The order setting aside the default judgment is affirmed. Respondent shall recover his costs on appeal.

NARES, Acting P. J.

WE CONCUR:

HALLER, J.

McDONALD, J.

Filed 3/17/14

CERTIFIED FOR PUBLICATION

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| LENNOX A. PURCELL, | D063435 |
| Plaintiff and Appellant, | |
| v. | (Super. Ct. No. 37-2009-00059423-CU-BC-NC) |
| MICHAEL SCHWEITZER, | |
| Defendant and Respondent. | |

The opinion filed February 24, 2014, is ordered certified for publication.

Soden & Steinberger, Robert J. Steinberger, Jason W. Cobberly; Boudreau Williams and Jon R. Williams for Plaintiff and Appellant.

The Perry Law Firm, Michael R. Perry, Larry M. Roberts and Michelle A. Hoskinson for Defendant and Respondent.

NARES, Acting P. J.

Copies to:  All parties