Filed 4/14/26  Kashani v. Rahimi CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| FARNAZ RAHIMI KASHANI, | |
| Plaintiff and Appellant, | G065034 |
| v. | (Super. Ct. No. 30-2020-01157766) |
| FARAMARZ RAHIMI, Defendant and Respondent. | O P I N I O N |

Appeal from orders of the Superior Court of Orange County, R. Seni Linnebur, Temporary Judge. (Pursuant to Cal. Const., art. VI, §21.) Affirmed.

Farnaz Rahimi Kashani in pro per for Plaintiff and Appellant.

Frost Brown Todd, Jeffrey Ogorek, and Keith Van Dyke for Defendant and Respondent.

This appeal concerns Farnaz Kashani's unsuccessful attempt to obtain relief under Code of Civil Procedure section 473, subdivision (d), from a judgment. The judgment arose from a lawsuit filed by Kashani and her sibling against their brother, Faramarz Rahimi, in relation to a trust established by their father Mehdi Rahimi Kashani.[1] On appeal, Kashani contends the trial court erred in denying her motion to set aside its final statement of decision. We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

Mehdi executed the Mehdi Rahimi Kashani Fard Trust (the Trust) in 2014, then amended it in 2017, and again in 2018. Rahimi and Mehdi served as co-trustees. The Trust provided that after Mehdi's death, the funds of the Trust were to be used to pay all of Mehdi's debts and taxes. Then, as trustee, Rahimi was to make specific gifts of tangible personal property, distribute Mehdi's mobile home to himself, and allocate the remaining Trust assets to a "Residuary Trust." The Residuary Trust shares were to be divided into three separate shared trusts (sub-trusts) for Kashani, Rahimi, and their sibling.

After Mehdi's death, disputes about the trust arose between the siblings. Subsequently, Kashani and her sibling filed petitions alleging Rahimi had breached his fiduciary duties and sought to remove him as trustee. Among other allegations, Kashani and her sibling alleged that shortly before Mehdi's death, Rahimi wrongly transferred $105,000 from the Trust to a preexisting college account for his children.

---

[1] Because some of the parties share names, we refer to Mehdi Rahimi Kashani by his first name. We mean no disrespect.

After a two-week trial, the trial court issued a final statement of decision. The court determined Rahimi failed to report or account for the entire time he had administered the Trust, breached his fiduciary duty in failing to promptly allocate and fund the sub-trusts, and breached his fiduciary duty in using the Trust's assets to pay attorney's fees and other expenses in connection with the litigation. Based on these actions, the trial court removed Rahimi as trustee of both the Trust and the sub-trusts. The trial court concluded, however, that Rahimi did not breach the Trust or any fiduciary duty by issuing the $105,000 distribution for the benefit of his children's education. Rather, the trial court was persuaded that Rahimi made the $105,000 distribution at Mehdi's direction.

After the trial court entered judgment, Kashani filed a motion to set aside the court's final statement of decision based on extrinsic fraud, misrepresentation of material fact, inadvertence, surprise, and excusable neglect. In her motion, Kashani alleged she had discovered documents she could not have discovered prior to the entry of judgment. The trial court denied Kashani's motion and determined any alleged fraud she raised was intrinsic, not extrinsic. Kashani timely appealed.

DISCUSSION

On appeal, Kashani contends her motion seeking relief from the judgment should have been granted because Rahimi "concealed material financial misconduct from both the beneficiaries and the [trial] court." Thus, according to Kashani, she is entitled to relief under Code of Civil Procedure,

3

section 473, subdivision (d) because the statement of decision was the result of "extrinsic fraud."[2]

Under section 473, subdivision (d), a "court may, . . . on motion of either party after notice to the other party, set aside any void judgment or order." "A judgment [or order] is void to the extent it provides relief 'which a court under no circumstances has any authority to grant.'" (*Doppes v. Bentley Motors, Inc.* (2009) 174 Cal.App.4th 1004, 1009.) Examples of void judgments include those entered when the court "'lack[ed] fundamental authority over the subject matter, question presented, or party.'" (*Vitatech Internat., Inc. v. Sporn* (2017) 16 Cal.App.5th 796, 807.) There is no time limit for making a motion which seeks relief under section 473, subdivision (d). (*Tearlach Resources Limited v. Western States Internat., Inc.* (2013) 219 Cal.App.4th 773, 779.)

"[U]nder well established law[,] the court may grant relief under its inherent equitable power only if, due to the fraud of the opponent or by [the aggrieved party's] own mistake, the aggrieved party was deprived of a fair adversary hearing and was prevented from presenting his claim or defense, or as the authorities put it, if the fraud or mistake was 'extrinsic.'" (*DeMello v. Souza* (1973) 36 Cal.App.3d 79, 85.) "'The clearest examples of

---

[2] For the first time on appeal, Kashani argues she "never consented" for her motion to vacate to be heard by a temporary judge. Despite the California Rule of Court setting forth the proper procedure for a party to object to a trial court judge (Cal. Rules of Court, rule 2.816(d)(1)), there was no request from Kashani to withdraw her stipulation to have her matter heard by the temporary judge in the trial court. Kashani's failure to raise the issue below forfeits it on appeal. (*People v. Scott* (1997) 15 Cal.4th 1188, 1207 ["It is too late to raise the [disqualification] issue for the first time on appeal"].)

4

extrinsic fraud are cases in which the aggrieved party is kept in ignorance of the proceeding or is in some other way induced not to appear. [Citation.]' [Citation.] Other examples include 'concealment of the existence of a community property asset, failure to give notice of the action to the other party, and convincing the other party not to obtain counsel because the matter will not proceed (and then it does proceed).'" (*Hudson v. Foster* (2021) 68 Cal.App.5th 640, 664.)

By contrast, "'[a] showing of fraud practiced in the trial of the original action will not suffice.'" (*Estate of Sanders* (1985) 40 Cal.3d 607, 614 (*Sanders*).) Classic examples of such fraud, referred to as intrinsic fraud, include "'the introduction of perjured testimony or false documents in a fully litigated case.'" (*Pour Le Bebe, Inc. v. Guess? Inc.* (2003) 112 Cal.App.4th 810, 828.) The reason for this rule is that there must be an end to litigation. (*Kachig v. Boothe* (1971) 22 Cal.App.3d 626, 632, citing *Pico v. Cohn* (1891) 91 Cal. 129.) A trial is a party's opportunity for making the truth appear notwithstanding conflicting evidence. (*Pour Le Bebe, Inc.*, at p. 829.) A party and their counsel must be prepared to expose, for example, perjured testimony and falsified documents. (*Ibid.*) If one fails in that task and then subsequently does not bring or fails on a motion for a new trial, and the judgment eventually becomes final, one is generally without remedy. (*Ibid.*)

We review de novo whether an order is void on its face under section 473, subdivision (d). (*Kremerman v. White* (2021) 71 Cal.App.5th 358, 369.)

Here, Kashani contends the judgment was void due to extrinsic fraud. According to Kashani, the fraud by Rahimi includes the following "newly discovered" evidence: (1) the unauthorized use of $33,726.48 in Trust

5

funds to purchase a personal vehicle and pay associated taxes; (2) transfer of $105,000 in September 2019—when Mehdi was either incapacitated or comatose; (3) concealment of over $553,165.46 in unauthorized checks and at least $151,738.66 in post-judgment misappropriations; and (4) falsified testimony and declarations asserting that all transactions were authorized by Mehdi, despite medical and phone records confirming he was non-verbal and cognitively impaired.

Kashani's contention that Rahimi used $33,726.48 in Trust funds to purchase a personal vehicle and pay associated taxes is unsupported by the record because the checks she identifies appear to be signed by Mehdi. Her claim that she recently discovered the transfer of $105,000 in September is also unsupported by the record. In her motion to vacate the judgment, Kashani admitted she knew Rahimi took the $105,000 prior to trial. She explicitly states: Rahimi "disclosed taking money (the $105,000) because he had to disclose trial exhibit 8." Kashani's alleged discovery of the concealment of over "$553,165.46 in unauthorized checks" signed by Rahimi is unsupported by any citation to the record. The checks she cites do not support her contention, as they appear to have been signed by Mehdi. Finally, her claims that Rahimi "falsified testimony and declarations," even if true, simply do not fall within the rubric of conduct that deprives the other party of a chance to fully participate in the proceedings and thus did not constitute extrinsic fraud. (See, e.g., *Pacific Crown Distributors v. Brotherhood of Teamsters* (1986) 183 Cal.App.3d 1138, 1147.) Under these circumstances, although Kashani may be frustrated and upset with the trial court's ruling, there was simply no showing of extrinsic fraud depriving her of a fair opportunity to present her claims.

6

The cases Kashani has cited do not persuade us otherwise. In *Sanders, supra,* 40 Cal.3d 607, the executor committed extrinsic fraud where he had the deceased change her will to leave most of the estate to him, unbeknownst to the beneficiaries under the deceased's original will, and deceived the prospective beneficiaries into believing that they did not need to attend probate proceedings because he was taking care of their interests. (*Id.* at pp. 615–617.) Similarly, in *Estate of Anderson* (1983) 149 Cal.App.3d 336, the court found extrinsic fraud where the life beneficiaries of a trust established by the decedent's will were deceived by the executor's conduct regarding the sale of estate property and tax consequences. (*Id.* at pp. 349–350.) The court relieved the beneficiaries of the res judicata effect of the order confirming the sale of the property, finding that they were effectively deprived of their day in court by the executor's conduct, even though they had actual notice of the hearing and thus were not precluded from participating in the proceedings. (*Ibid.*) Unlike Kashani, the appellants in *Sanders* and *Anderson* were prevented from participating in the proceedings due to the fiduciary's fraud.

DISPOSITION

The judgment is affirmed. Rahimi shall recover his costs on appeal.


DELANEY, ACTING P. J.

WE CONCUR:


SCOTT, J.


BANCROFT, J.*

*Judge of the Orange County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.