Filed 8/9/22

# CERTIFIED FOR PUBLICATION

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| CREDITORS ADJUSTMENT BUREAU, INC., <br><br> Plaintiff, Cross-defendant and Respondent, <br><br> v. <br><br> RAY IMANI, <br><br> Defendant, Cross-complainant and Appellant. | 2d Civil No. B316546 <br> (Super. Ct. No. 56-2013-00438287-CU-BA-VTA) <br> (Ventura County) |

Over twenty five years ago, we stated the unremarkable: "The purpose of the law of contracts is to protect the reasonable expectations of the parties . . . . There is . . . a price to be paid for breach of contract." (*Ben-Zvi v. Edmar Co.* (1995) 40 Cal.App.4th 468, 475.) Here, we protect the reasonable expectations of the parties. And there is still a price to be paid for breach of contract.

Ray Imani appeals the order denying his motion to vacate the judgment entered against him for $251,200.13 after he failed to pay $30,000 as required pursuant to a stipulation for

entry of judgment. Appellant contends the trial court erred because the judgment is an unenforceable penalty and is therefore void. We disagree. The stipulated judgment, which respondent agreed to accept is the exact amount of damages suffered by respondent. Although appellant characterizes the stipulated damages as a penalty and/or liquidated damage provision, it is not. A party to a contract, here a lease and then a stipulated settlement, cannot pick and choose favorable aspects of the agreements while jettisoning the unfavorable aspects. A person should not be rewarded for a breach of contract.

"He who takes the benefit must bear the burden." (Civ. Code, § 3521.) Appellant took the benefit of the original lease. This gave him a long-term lease for what we assume was the market price for a commercial real property lease. He took the benefit of the settlement agreement. This was an extremely favorable financial settlement. And now, after years of defaults, he seeks the benefit of the settlement agreement. Were we to reverse, this would, in essence, be a decree awarding specific performance of the 2015 stipulated judgment. He who seeks equity, must do equity and have "clean hands." Appellant has not acted equitably and he does not have "clean hands." The time for performance pursuant to the breached 2015 stipulated judgment has expired. We will affirm the order denying the motion to vacate the $251,200.13 judgment.

*Facts and Procedural History*

In January 2012, appellant leased a hair salon space from Baldwin Park Plaza LLC (landlord). The lease was for a term of 10 years and provided for a monthly base rent of $2,695, monthly common area charges of $605 and an annual increase in the base rent of 3%. Rent payments were to begin on March 1,

2012.  In August 2012, appellant failed to pay the rent.  He vacated the premises in December 2012 without paying any additional rent.

The landlord assigned its interest in the lease to respondent, which filed a lawsuit to collect over $400,000 in unpaid past and future rent due.  The landlord acted in good faith and mitigated the damages.  It eventually found a new tenant for the space and reduced its damages claim to $257,546.17.

Trial was set for January 2015.  Respondent appeared with counsel and appellant appeared in pro per.  The parties reached a settlement which they documented in a hand-written stipulation for entry of judgment that was signed by all parties and recited in open court.

The stipulation for entry of judgment requires appellant to pay respondent $30,000 in 24 consecutive monthly payments of $1,250 starting April 1, 2015.  If appellant defaulted on any payment, respondent would provide a 10-day written notice of default.  On the 11th day, if the default had not been cured, respondent could "declare the then entire balance due and payable, together with reasonable attorneys' fees and costs in the collection of said obligation . . . .  In such event, judgment shall be immediately entered in the sum of $251,200.13 together with reasonable attorneys fees in favor of [respondent] and against [appellant], . . . less any sums received by [respondent]."  Appellant acknowledged that "he has read and agreed to the terms of the stipulated judgment, and that he does not dispute the amount of the stipulated judgment, and further acknowledges that the amount of $251,200.13 is due and owing, but has agreed to pay the amount of $30,000.00 to fully and finally resolve all

3

claims and all related claims." Appellant also agreed to sign a formal version of the stipulation prepared by respondent's counsel and to file a request for dismissal of his cross-complaint.

Appellant defaulted immediately. He did not make any of the payments required by the stipulation. He also failed to sign the formal stipulation for entry of judgment. Consequently, in June 2015, judgment was entered against appellant for the stipulated amount of respondent's actual damages, $251,200.13. This was his second breach of contract.

Six years later, appellant filed a motion to vacate the judgment. He contended, as he does here, that the judgment is void because the amount of the stipulated judgment ($251,200) bears no reasonable relationship to the damages caused by his failure to pay respondent $30,000. The trial court denied the motion, concluding, appellant "failed to meet his burden to show that the stipulated judgment was unreasonable under the circumstances existing at the time the contract was made."

*Standard of Review*

We review de novo the question of whether the stipulation for entry of judgment constitutes an enforceable contract or whether it is an impermissible liquidated damages provision or a void and unenforceable penalty pursuant to Civil Code section 1671, subdivision (b). (See generally *Jade Fashion & Co. v. Harkam Industries, Inc.* (2014) 229 Cal.App.4th 635 (*Jade Fashion*); *Graylee v. Castro* (2020) 52 Cal.App.5th 1107, 1113; *Vitatech International, Inc. v. Sporn* (2017) 16 Cal.App.5th 796, 807-808 (*Vitatech International*).)

*Discussion*

The stipulation for entry of judgment requires appellant to pay $30,000 in monthly payments of $1,250 for 24

4

months, until the settlement amount of $30,000 was paid in full. The stipulation further provides that, if he fails to make any of those payments, judgment will immediately be entered against him for the full amount owing on the lease, $251,200.13.  This amount is not referred to in the stipulation as "liquidated damages."  Appellant claims that the legal effect is the same, however, because the stipulation predetermines the damages respondent will recover on appellant's failure to pay the settlement amount.  (*Vitatech International*, *supra*, 16 Cal.App.5th at p. 810.)

We reject appellant's theory.  The amount of damages was not "predetermined" in 2015.  It was the actual amount of damages then due and owing.  That appellant was able to settle for a fraction of what was owed should not be used against respondent.  Had appellant agreed to pay half of what was owed, $125,000, he would undoubtedly claim that there was a 50% "penalty."  Respondent's "more than reasonable" settlement terms should not be used against it to show "liquidated damages" or a "penalty."

Civil Code section 1671 provides that a liquidated damages clause "is valid unless the party seeking to invalidate the provision establishes that the provision was unreasonable under the circumstances existing at the time the contract was made."  (*Id.*, subd. (b).)  A provision will be considered unreasonable "if it bears no reasonable relationship to the range of actual damages that the parties could have anticipated would flow from a breach.  The amount set as liquidated damages 'must represent the result of a reasonable endeavor by the parties to estimate a fair average compensation for any loss that may be sustained.'"  (*Ridgley v. Topa Thrift & Loan Ass'n.* (1998) 17

Cal.4th 970, 977 (*Ridgley*), quoting *Garrett v. Coast of Southern Fed. Sav. & Loan Assn.* (1973) 9 Cal.3d 731,739.)

An unenforceable penalty, by contrast, "'operates to compel performance of an act [citation] and usually becomes effective only in the event of default [citation] upon which a forfeiture is compelled without regard to the damages sustained by the party aggrieved by the breach [citation]. The characteristic feature of a penalty is its lack of proportional relation to the damages which may actually flow from failure to perform under a contract. [Citations.]'" (*Ridgley, supra,* 17 Cal.4th at p. 977.)

We cannot isolate the relevant breach of contract as only the breach of settlement agreement or stipulation for entry of judgment and excluding the underlying contract. Here, the $251,200.13 damage provision in the stipulation for entry of judgment is not arbitrarily drawn from thin air. It is the actual and stipulated amount of damages. This is not a penalty or a liquidated damage provision. We cannot delete the terms of the stipulated judgment calling for monthly payments and we cannot add a provision to the terms of the stipulated judgment allowing a seven-year moratorium on monthly payments. Money has a value over time. Appellant has had the use of the money for seven years. Respondent has been deprived of the use of the money for seven years.

Respondent correctly relies upon appellant's admission in the stipulation that he did not dispute the amount of the stipulated judgment and that $251,200.13 was in fact due and and owing on the lease. Reliance upon *Jade Fashion, supra,* 229 Cal.App.4th 635 is appropriate. There, Jade Fashion agreed to sell garments to Harkham at an agreed price. It then refused

to release the garments because Harkham failed to pay for them. Before either party filed suit, Harkham admitted that it owed Jade Fashion approximately $341,000. It agreed to make weekly payments of $25,000 until the entire balance was paid in full. Jade Fashion agreed to release the garments after it received the first two payments. The parties further agreed that, if Harkham "'timely make[s] each installment payment when due, [it] may deduct $17,500 from the final installment due.'" (*Id.* at p. 639.) If any installment was late, however, Harkham "'will not be entitled to the discount of $17,500 and the remaining balance due . . . shall be immediately due and payable.'" (*Id.* at pp. 639-640.) Harkham made all of the required payments, but five were late. It nevertheless deducted $17,500 from its final principal payment. Jade Fashion refused to accept the final payment and sued to recover the unpaid balance.

The court of appeal held the $17,500 timely payment discount was not an unenforceable penalty or forfeiture because the agreement between Jade Fashion and Harkham "was not an agreement to settle or compromise a disputed claim. Rather, it was an agreement to forbear on the collection of a debt that was admittedly owed for goods that had been delivered so long as timely installment payments were made." (*Jade Fashion, supra,* 229 Cal.App.4th at p. 648.) The $17,500 discount "was not liquidated damages for a breach of contract, nor was it an additional payment over and above any debt that was owed." (*Id.* at p. 649.) Instead, the $17,500 was part of the original $341,000 debt and Harkham's failure to pay that amount caused Jade Fashion actual damage.

Respondent contends, and we agree, that its stipulation for entry of judgment is like the agreement at issue in

*Jade Fashion* because appellant, like Harkham, admitted that he owed the entire $251,000.  The stipulation here states that appellant "does not dispute the amount of the stipulated judgment, and further acknowledges that the amount of $251,200.13 is due and owing . . . ."  Respondent contends, and we agree, that this statement establishes that appellant was not compromising a disputed claim when he signed the stipulation.

Nothing in *Greentree Financial Group, Inc. v. Executive Sports, Inc.* (2008) 163 Cal.App.4th 495 or *Vitatech International*, *supra*, 76 Cal.App.5th 769, compel a contrary conclusion.  Why?  Those cases involved disputed claims and here, appellant admitted owing the $251,200.13 as unpaid rent, i.e., damages.  Appellant's financial wound was self-inflicted.

*Disposition*

The order denying appellant's motion to vacate the stipulated judgment is affirmed.  Respondent is awarded its costs on appeal.

<u>CERTIFIED FOR PUBLICATION.</u>


YEGAN, J.

We concur:


GILBERT, P. J.


PERREN, J.


8

Matthew P. Guasco, Judge

Superior Court County of Ventura

_____

Law Offices of Shahin Motallebi and Shahin Motallebi for Defendant, Cross-complainant and Appellant.

Law Offices of Kenneth J. Freed, Kenneth J. Freed and David E. Weeks, for Plaintiff, Cross-defendant and Respondent.